UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRITTANY ANGIEL<br>And KORI ANGIEL,<br>Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | § | CAUSE NO. 5:18-cv-1285 |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY<br>*Defendant*. | §<br>§<br>§<br>§ | |

**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit which is currently pending in the 288th Judicial District Court, Bexar County, Texas, Cause No. 2018CI21416, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

**BACKGROUND**

1. On November 7, 2018, Plaintiffs filed their Original Amended Petition styled *Brittany Angiel and Kori Angiel v. Allstate Fire and Casualty Insurance Company,* in the 288th Judicial District Court, Bexar County, Texas, Cause No. 2018CI21416, in which Plaintiffs seek a declaratory judgment based on a claim for underinsured motorist benefits. *See* **Exhibit A**.

2. Plaintiffs served Allstate with Plaintiffs' Original Amended Petition and process on November 26, 2018, by certified mail on its registered agent. *See* **Exhibit B**.

3. Plaintiffs seek a declaratory judgment with respect to payment of underinsured motorist benefits under their subject insurance policy with Allstate. *See* **Exhibit A**, §§ V-VI.

Plaintiffs affirmatively plead for damages "over $200,000, but not more than $1,000,000.00." *Id.,* § VII.

4.  Defendant has not answered the suit in state court.

### GROUNDS FOR REMOVAL

5.  This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

6.  Plaintiffs are natural persons who affirmatively allege that they reside in Bexar County, Texas. *See* **Exhibit A**, § II. Plaintiffs have not pled any other facts of their residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Plaintiffs' citizenships at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

7.  Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of the State of Illinois.

8.  Based on the foregoing, there is complete diversity between the parties.

**B. Amount in Controversy**

9.  The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition,

but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. Here, it is facially apparent from Plaintiffs' petition that the amount in controversy exceeds $75,000.00. Specifically, Plaintiffs' petition states:

> "Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000,000.00."

**Exhibit A**, § VII.

11. Based on the foregoing, the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

12. This notice of removal is timely filed within thirty after service of process upon Defendant. *See* 28 U.S.C. §1446(b)(1).

13. Venue is proper in this Court under 28 U.S.C. §1441(a) because the San Antonio Division of the United States District Court for the Western District of Texas embraces Bexar County, Texas, the place where the State Court suit was filed.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as **Exhibits A–C**.

15. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of the Bexar County District Court.

### PRAYER FOR RELIEF

16. Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Robert E. Valdez
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Brittany M. Baker**
State Bar No. 24089611
bbaker@valdeztrevino.com
*Counsel for Defendant*

CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 7th day of December 2018, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system, email, or other electronic means:

Amber C. Winer-Gebhart
CROSLEY LAW FIRM, P.C.
3303 Oakwell Court, Suite 200
San Antonio, Texas 78218
*Counsel for Plaintiffs*

*/s/* Robert E. Valdez
**Robert E. Valdez**
